UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BERNARD SUTTON**,
an individual,

        Plaintiff,

vs.

**GRETCHEN WHITMER**, individually, and in her official capacity of the Governor of the State of Michigan,

and

**COL JOSEPH GASPER**, individually, and in his capacity as the Director of the Michigan State Police

and

**MICHAEL C. EAGEN**, individually, and in his official capacity as a member of the Michigan Parole Board,

and

**ROBERT FAULK**, individually, and in his capacity as a Parole Agent for the State of Michigan.

        Defendants.

Case No.           CZ
Hon. _____

William F. Piper (P38636)
William F. Piper, PLC.
**Attorney for Plaintiff**
1611 W. Centre Avenue, Suite 209
Portage, MI 49024
(269) 321-5008
wpiper@wpiperlaw.com

**COMPLAINT FOR DAMAGES , DECLARATORY AND INJUNCTIVE RELIEF**

1

The plaintiff Bernard Sutton, by and through his attorney William F. Piper, PLC., for his complaint, states as follows:

**JURISDICTIONAL ALLEGATIONS**

1. The plaintiff Bernard Sutton is an individual who is a resident of the County of Kalamazoo, State of Michigan.

2. The defendant Gretchen Whitmer is the governor of the State of Michigan, so her principal place of business is in Ingham County, and one of her duties as the governor is enforcing the laws of the state.

3. The defendant Col. Joseph Gasper is the Director of the State Police of the State of Michigan, so his principal place of business is in Ingham County, and one of his duties is enforcing the laws of the state.

4. The defendant Michael C. Eagen was a member of the Michigan Parole Board in December 2019, which had a then principal place of business in Ingham County, when Mr. Sutton was granted parole.

5. The defendant Robert Faulk is a parole agent of the State of Michigan, and he had a principal place of business in Kalamazoo County at all times relevant to this complaint.

6. This court has jurisdiction to grant declaratory and injunctive relief pursuant to 28 U.S.C. §2201, 28 U.S.C. §2202, and Fed. R. Civ. P. 57, and injunctive relief under Article III, Sec. 2 of the United States Constitution, and Fed. R. Civ. P. 65.

7. Jurisdiction is based on 28 U.S.C. §1331 and 28 U.S.C. §1334, as the case involves a federal question involving civil rights.

8. The action is brought under 42 U.S.C. §1983.

9. The defendants at all times relevant to this complaint were acting under color of a state law but not under a legitimate exercise of governmental authority.

**COMMON ALLEGATIONS**

10. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-9 of this complaint.

11. The plaintiff is a small African American man who was born in September 1959.

12. On April 10, 1981, when he was 21-years-old, Mr. Sutton pleaded guilty to first degree criminal sexual conduct as a result of an offense he had committed on August 29, 1980 when he was 20-years-old in Berrien County, Michigan.

13. As a result, Mr. Sutton was sentenced to a lengthy term of years in prison.

14. At the time of Mr. Sutton's conviction and sentencing, Michigan's Sex Offender Registration Act (hereafter SORA) did not exist.

15. The Michigan legislature enacted SORA in 1994, and it became law on October 1, 1995.

16. The 1994 Act established a confidential database that contained information about Michigan sex offenders that was only available to law enforcement agencies.

17. Upon information and belief the defendant Faulk registered Mr. Sutton as a sex offender in 1995, and the original 10 year registration would have expired in 2005.

18. However, in 2004, SORA was amended to create a publicly accessible website that published detailed personal information about sex offenders.

19. In 2006 SORA was amended again, this time creating geographic exclusion zones that prohibited sex offenders from working, living or even loitering within 1,000 feet of a school.

20. In 2011 SORA was again amended, and the amendment classified sex offenders into three tiers, which determined their frequency of reporting and length of

registration. Under the change, a tier three sex offender's length of registration as a sex offender after parole was extended to life from 10 years .

21. Under the amendment to SORA, a tier three sex offender is required to register quarterly and pay a $50 registration fee each time he registers.

22. SORA and its amendments impose other requirements on parolees that did not exist before Mr. Sutton was sentenced.

23. The defendants have applied SORA and its requirements retroactively.

24. On December 13, 2017 the Michigan Parole Board granted Mr. Sutton parole.

25. The release instructions dated March 10, 2020, which were signed by the defendant Michael Eagen, commanded Mr. Sutton to report to his parole agent Robert Faulk (**Exhibit 1**).

26. The release instructions also had a special condition that commanded as follows:

> 1.11 You must register as required by the Michigan Sex Offenders Registration Act and comply with all of the requirements of that act. You must provide a complete copy of the Michigan Sex Offenders Registration form to your field agent on your first in-person report following vacating your residence, any address change, address verification, or change in your status with an institution of higher education. At each address change or verification period, you must present your Michigan Operator's License, Chauffeur's License, or Personal Identification Card to the field agent at your first in-person contact.

(**Exhibit 1**)

27. The defendants then compelled Mr. Sutton, upon penalty of a misdemeanor, to sign the Michigan Sex Offender Registration Form, which compelled him to abide by SORA as a tier three sex offender, including, but not limited to, as follows:

A. Registering as a sex offender for life;

B. Verifying his address to a law enforcement agency four times a year;

    C.    Providing his identifying information and his address, including temporary lodging if he is away form his residence for seven days;

    D.    Providing a digitized photograph that will be used on the sex offender registry website;

    E.    Providing a $50 registration fee; and

    F.    Being prohibited from working, living or loitering within 1,000 feet of a primary or secondary school.

(**Exhibit 2**)

28.    Mr. Sutton was surprised and dismayed that the sex offender registration requirement of SORA were being imposed on him.

29.    Thereafter the defendant Faulk imposed all of the tier three sex offender requirements on Mr. Sutton.

30.    Mr. Sutton was not informed about all of the SORA requirements or the amendments to it until March 2020, as noted above.

31.    Thereafter Mr. Sutton spoke to this parole agent - the defendant Faulk - about the SORA tier three sex offender registration requirements imposed on him, and he objected to them.

32.    Mr. Sutton also spoke to Mr. Faulk about the decision in *Does v. Snyder*, 837 F. 3d 696 (6th Cir. 2016), about which he had recently learned, that ruled that imposing SORA and its amendments retroactively to persons who were sentenced before SORA and its amendments was an unconstitutional ex post facto punishment.

33.    Nonetheless, the defendants continued to impose the SORA tier three sex offender requirements against Mr. Sutton.

34. Mr. Sutton is an aggrieved person because of this, especially given that, after 40 years in prison, he is a different person now from the person he was when he had committed the offense in 1980.

35. As a result of the actions of the defendants Mr. Sutton has suffered and will continue to suffer extra punishments, harassment, humiliation, a loss of money, and emotional distress.

### COUNT I – 42 U.S.C. §1983-UNCONSTITUTIONAL EX POST FACTO LAW – ALL DEFENDANTS

36. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-35 of this complaint.

37. The SORA law, and its amendments, as applied to the plaintiff Mr. Sutton, constitutes punishment and an unconstitutional ex post facto law.

38. Despite the 2016 opinion in *Does v. Snyder*, the defendants are still enforcing the SORA law and its amendments against persons such as Mr. Sutton who were convicted and sentenced before the law and its amendments were even passed.

39. After the *Does v. Snyder* Sixth Circuit opinion in 2016, the defendants could not reasonably have believed that imposing the SORA law and its amendments against Mr. Sutton, involving keeping his name on the sex registry and all the other requirements related to the registry set forth above in the SORA law and its amendments, was within the constitutional limitations on the exercise of their authority under the Constitution of the United States, and particularly the Ex Post Facto Clause of it.

40. As a result of the above the plaintiff has suffered and will continue to suffer the damages set forth above.

41.      This claim is actionable under 42 U.S.C. §1983.

WHEREFORE, the plaintiff requests the following relief:

A.      A declaratory judgment against the defendants holding that the application of the SORA of 1994 and its amendments against Mr. Sutton constitutes an unconstitutional punishment and an unconstitutional ex post fact law.

B.      A preliminary and permanent injunction against the application of the SORA and its amendments against Mr. Sutton.

C.      An order both removing Mr. Sutton from the Michigan Sex Offender Registry and from having to comply with all the requirements of it and its amendments.

D.      A judgment against the defendants to compensate Mr. Sutton for the loss of money he has suffered and will continue to suffer as a result of the application of the SORA and its amendments against him and to compensate him for the intangible damages he has suffered past and future plus costs, interest and attorney fees.

E.      Any other relief this court deems fair and just.

Dated: September 24, 2020                             WILLIAM F. PIPER, PLC.
                                                                        Attorney for Plaintiff

                                                          By:    /s/ William F. Piper
                                                                     William F. Piper (P38636)